From C. P. Addams, Harrisburg, Pa.

---

## Talpash v. Philadelphia & Reading Coal and Iron Co.

*Workmen's compensation—Surgical operation—Private ward in hospital— Act of June 26, 1919, sect. 306 (e), P. L. 642.*

A workman who has paid a surgeon's fee for an operation in a public ward of a hospital cannot recover the amount of it from his employer where it appears that, after the operation, he was removed to a private ward to enable his wife to visit him, and that if he had not been thus unnecessarily removed, no charges against him for the operation either would or could have been made.

Appeal from order of Compensation Board. C. P. Schuylkill Co., Sept. T., 1925, No. 118.

*Roger Dever*, for plaintiff; *John F. Whalen* and *Geo. Ellis*, for defendant.

BERGER, J., Dec. 14, 1925.—The claimant has appealed from an order of the Compensation Board affirming the action of the referee in dismissing his petition for the review of a compensation agreement, which was filed for the purpose of compelling the defendant to reimburse the claimant for $100, which he paid to Dr. M. C. Householder, a staff physician at the Pottsville Hospital, for the performance of a surgical operation. The claimant was ruptured in the course of his employment by the defendant, and was treated immediately thereafter by Dr. Weaver, one of the defendant's compensation physicians, who sent him to the Pottsville Hospital for a surgical operation required to reduce the hernia. The claimant was admitted to the general ward of the hospital as a patient, and the necessary operation of herniotomy was performed by Dr. Householder. A rule of the hospital limits the visits of relatives to patients in the general ward to fixed visiting days, but patients in a private ward may be visited at any time. After the operation had been performed, the claimant's wife had her husband removed from the general ward of the hospital to a private ward, for the sole purpose of enabling her to visit him at her pleasure. She was informed before the transfer was made that if it was allowed, her husband would become liable, under a rule of the hospital in force at the time, for the payment of the fee of $100 to Dr. Householder for the operation which he had performed upon her husband, and, in order to secure the transfer, she agreed to pay the said sum to Dr. Householder for the operation which he had performed and for a continuance of his attention to her husband until his discharge from the hospital.

The finding of the Compensation Board — in its opinion — that had the claimant elected to remain in the general ward of the hospital, no charges against him for the surgical operation performed by Dr. Householder either would or could have been made, is fully sustained by the evidence. There is no finding and not a scintilla of evidence to show that the claimant's transfer from the general ward of the hospital to a private ward was necessary, either for his comfort or as an aid to his recovery. The defendant, therefore, is not liable, under section 306 *(e)* of the Act of June 26, 1919, P. L. 642, for the

hospital treatment of the claimant incurred solely by reason of the unnecessary transfer of the claimant from the general ward of the hospital to a private ward. The appeal is dismissed.

From M. M. Burke, Shenandoah, Pa.